IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FREDERICK H. BANKS; DON RAOUL )
HOUGH; JAMES A. THOMAS; and )
KEITH MAYDAK, )
 )
    Plaintiffs, )
 )
v. ) Civil Action Nos.   05-781
 )                 07-1327
COUNTY OF ALLEGHENY; ALLE- )                 07-1328
GHENY CORRECTIONAL HEALTH )                 07-1329
SERVICES, INC.; RAMON RUSTIN; )
CALVIN LIGHTFOOT; FRED ROSE- ) Judge Gary L. Lancaster/
MEYER; BRUCE DIXON; DAN ) Magistrate Judge Amy Reynolds Hay
ONORATO ; and DANA PHILLIPS, )
 )
    Defendants )

## MEMORANDUM ORDER

This court previously filed an order, Dkt. [93], directing that the present lawsuit be severed into four separate actions because three of the four putative plaintiffs are spread across the country in three different prisons, and, if Mr. Maydak is to be believed, he is outside the country. In the words of the Plaintiffs themselves, "plaintiffs, . . . have had an extremely difficult time communicating with each other due to logistics, (Maydak being a non-resident of the United States, Banks being incarcerated in Mississippi, Thomas being incarcerated in Pennsylvania, and Hough being incarcerated in Indiana)[.]" Dkt. [85] at 1, ¶ 2. This difficulty has compounded itself for the Court as well. See, e.g., Boyd v. Sherrer, 2006 WL 1704471, *2 (D.N.J., June 16, 2006) ("Prisoners are not in the same situation as non-prisoner joint plaintiffs; prisoners' circumstances make joint litigation exceptionally difficult."). Consequently, the court sua sponte ordered that the case be severed into four separate suits and that the three prisoner-plaintiffs, all of whom are proceeding in forma pauperis ("IFP") be required to pay separate filing fees

pursuant to the PLRA, i.e., over time by having monies deducted from their prison accounts. All four plaintiffs have now filed motions for reconsideration. Banks filed his motion for reconsideration, which was signed solely by him and purported to be filed only on his behalf. Dkt. [95]. Maydak filed his motion for reconsideration, signed solely by him. Dkt. [99]. Plaintiffs Hough and Thomas simply joined in Mr. Maydak's motion by filing their own motions for reconsideration indicating such. Dkt. [97] (Hough) & Dkt. [98] (Thomas). Subsequently, Plaintiff Banks filed a similar motion saying he joined in Maydak's motion. Dkt. [100].

The motions by Hough, Thomas and Banks will be granted in part. Their filing fee will only be $250.00 each, which is the filing fee that they would have been required to each pay at the time of initiating this suit. Boriboune v. Berge, 391 F.3d 852, 855-56 (7th Cir. 2004)(holding each prisoner in a joined prisoner civil rights suit must each pay an entire filing fee). However, even if this Circuit did not follow the process in Berge, the three prisoner plaintiffs still would have been severally and jointly liable for the entire filing fee when they instituted the civil action by seeking to file the original complaint in 2005, i.e., any one of them could have been required to pay the entire filing fee. See Alcala v. Woodford, No. C 02-0072 TEH (PR), 2002 WL 1034080, at *1 (N.D.Cal. May 21, 2002)("the filing fee obligation is joint and several. If the parties pay the entire fee, they may divide it up between them as they see fit and it is of no concern to the court. When the parties don't pay the entire fee, all are obligated for the entire amount of the filing fee until it has been paid in full, even if the burden falls on a few of them unequally."). That they are now required to each pay the entire filing fee of $250.00 is not unfair insofar as they could potentially have paid the entire filing fee before the severance.

We turn now to Mr. Maydak's contentions that we should reconsider the order that required him to either seek leave to proceed in forma pauperis or to pay the filing fee for the new suit he was directed to file raising claims solely relevant to him. First, contrary to Mr. Maydak's contention, the court did not "bifurcate" this case because of problems with collecting the fees, it did so because of the demonstrated difficulties of proceeding as we had been, problems that the plaintiffs themselves acknowledged.

Maydak contends that he should not be required to pay a fee because the Court chose to "bifurcate" these proceedings and he was never obligated to pay a fee given that he was an intervenor, and, as such, contrary to the language of Section 1914, he was not a "part[y] instituting any civil action, suit or proceeding"[1] and should not now be made to pay such a fee. However, the Court notes that Mr. Maydak is a very bright individual and a very experienced pro se litigator.[2] He claims that he should be treated as an intervenor or a joined Plaintiff. Dkt. [18], at 2, ¶ 8. If Maydak wanted to intervene, he knew or should have known how to do so. Plaintiff never filed a request to intervene, see Fed.R.Civ.P. 24(c), so he cannot be an intervening party plaintiff. Even if we consider that Maydak, rather than being a putative intervenor, was a "joined plaintiff," the Court concludes that he was not a properly joined party.

The amended complaint filed on October 3, 2005, Dkt. [13], added two parties, namely, Maydak as a plaintiff and, Dana Phillips, as a defendant. This was done without leave of court

---

[1] 28 U.S.C. § 1914 provides in part that "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee . . . ."

[2] He has initiated and/or participated in at least 83 federal civil actions in his own name and 61 federal appeals or actions in federal appellate courts as indicated by a name search for him in PACER.

3

and prior to any responsive pleading having been filed. The Court holds that such was improper under Fed.R.Civ.P. 21. La Batt v. Twomey, 513 F2d 641 (7th Cir. 1975) (the court stated that an amended complaint could not, as a matter of course, add new parties even if done before a responsive pleading was filed); Moore v. Indiana, 999 F.2d 1125 (7th Cir. 1993)(although plaintiff generally is permitted to amend the complaint once as a matter of course before responsive pleading is served, where amendment sought to add new defendants, leave of court was required). Contra McLellan v. Mississippi Power & Light Co., 526 F.2d 870, 873 (5th Cir. 1976); Booth v. King, 228 Fed.Appx. 167 (3d Cir. 2007).[3]

Being neither an intervenor nor a properly joined Plaintiff, there is no legal prohibition to ordering Maydak to initiate his own suit and either require payment of the filing fee or require him to move for IFP status.

Even if the rule in this Circuit were otherwise and an amended complaint that added a party could be filed without leave of court so long as no responsive pleading had been filed, and even if, then, Maydak could be considered to have been a properly joined plaintiff, the Court has inherent power to control its own docket[4] and severing the four plaintiffs' claims is within its discretion and that discretion was not abused. Moreover, requiring that Maydak **either** pay the

---

[3] The Court notes that Booth is an unpublished or non-precedential opinion of the Appeals Court, and as such is not mandatory authority. Hence, it is merely persuasive authority. As any persuasive authority, it is persuasive to the extent that its reasoning persuades. Being a non-precedential opinion, it is not surprising that the reasoning with respect to the issue at hand is minimal. The opinion never mentions Fed.R.Civ.P. 21. Hence, this court does not find the Booth opinion persuasive for the proposition that a party can amend its complaint to add a party without leave of court even if no responsive pleading had been filed.

[4] Chambers v. NASCO, Inc., 501 U.S. 32, 46-47 (1991)(court's inherent power is not displaced by statutes); Stafford v. United States, 208 F.3d 1177, 1179 (10th Cir. 2000) ("we should impose the following filing restrictions using our inherent power to regulate federal dockets, promote judicial efficiency, and deter frivolous filings").

4

filing fee **or** seek IFP status in order to file his own separate suit as directed by the Court is neither unjust nor unfair nor improper under the law, given that he is (albeit at the direction of the court) instituting a new civil action and hence, the Clerk is required to collect the fee under Section 1914. See In re Diet Drugs (Phentermmine/ Fenfluramine/ Dexfenfluramine) Products Liability Litigation, 418 F.3d 372 (3d Cir. 2005) (District Court order requiring payment of separate $150 filing fee for every severed and amended complaint in multidistrict diet drug litigation was not immediately appealable under the collateral order doctrine). What was said by another court, applies equally here, "[a]s noted above, § 1914(a) requires the clerk to obtain a filing fee from parties 'instituting a civil action, suit or proceeding whether by original process, removal or **otherwise**.' (emphasis added). By including the words proceeding and otherwise, Congress has given the statute a very broad reach. While it is true that the plaintiffs started out with one civil action, this court has now compelled the filing of separate complaints for each of the plaintiffs. The filing of a separate complaint constitutes the institution of a civil action or proceeding - if not by original process or removal, then otherwise. *See U.S. ex rel LaCorte v. SmithKline Beecham*, 149 F.3d 227, 231 n.3 (3d Cir. 1998)." In re Diet Drugs (Phentermine/Fenfluramine/ Dexfenfluramine) Products Liability Litigation, 325 F.Supp.2d 540, 542 (E.D. Pa. 2004).

Independent research has uncovered that there is a paucity of reported decisions discussing the imposition of the filing fee in circumstances such as these.[5] The majority rule appears to be that after severance, the party plaintiffs are required to pay filing fees for the now separated suits. See, e.g., In re Seroquel Products Liability Litigation, 2007 WL 737589, *2

---

[5] See "Filing Fee - Severed Claims," 19 Fed. Litigator 4 (Nov. 2004).

(M.D.Fla. March 7, 2007); In re Diet Drugs, 325 F.Supp.2d 540 (E.D.Pa. 2004); DIRECTV v. Loussaert, 218 F.R.D. 639, 644 (S.D.Iowa 2003). Contra Adams v. Alliant Techsystems, Inc., 2002 WL 220934 (W.D.Va. Feb.13, 2002). We find the majority rule, especially as explained in the In Re Diet Drugs case from the Eastern District of Pennsylvania and in In re Seroquel, persuasive and follow it herein. See also "Refusal to Reduce Filing Fees for Severed Claims," 22 NO. 5 FEDLIT 5 (May 2007)("When misjoined cases are severed and filed individually, each becomes a new action. *See United States ex rel. LaCorte v. SmithKline Beecham Clinical Laboratories, Inc.*, 149 F.3d 227 (3d Cir. 1998). Section 1914(a) requires payment of a filing fee for 'any civil action, suit or proceeding,' whether instituted by 'original process, removal or otherwise.' There is no exception for actions filed following severance. *See DirecTV v. Beecher*, 296 F.Supp.2d 937 (S.D.Ind. 2003) (requiring payment of fee); *Aaberg v. ACandS, Inc.*, 152 F.R.D. 498 (D.Md. 1994) (same)."). While there may be some factual distinctions between thee cases cited and the present case, none of those distinctions renders the principle inapplicable herein; we view the payment of a $250[6] filing fee by Maydak or his seeking leave to file IFP is not only just but is mandated by § 1914(a).

We now turn to Banks' specific motion for reconsideration. Dkt. [95]. In that motion, he claims, inter alia, that if his motion for reconsideration is denied, that he should be given a copy of the first amended complaint and an extension of time in which to file a second amended complaint as he had been directed to do. However, this request is moot given that Banks has filed a second amended complaint already. Dkt. [101].

---

[6] To the extent that this reduction in filing fee is inconsistent with In re Seroquel, suffice it to say that equitable considerations have caused the court to weigh this matter in favor of the Plaintiffs.

In addition, Banks requests that "this action be removed from the Article I or Article IV Court to an Article III Court so that his 7th Amendment Constitutional Rights and other rights contained in the Northwest Ordinance relating to his status as a Lakota Sioux Indian 'kick in'." Dkt. [95] at 1. Such request is denied, to the extent that it is not already moot, given that the present court is an Article III Court. If Banks meant to request that this case be transferred to an Article I or Article IV Court, the request is denied.

The request by all to certify this order for interlocutory appeal is likewise denied.

Plaintiffs Hough and Thomas are granted an additional 30 days from the date of this order in which to file an amended complaint. Mr. Maydak is granted an additional thirty days from the date of this order in which to pay the filing fee of $ 250.00[7] or to file a non-prisoner IFP motion and to simultaneously with the payment of the filing fee or with the filing of an IFP motion, to file his second amended complaint. Failure to comply with this order may result in dismissal of the actions as to any non compliant party.

Accordingly, this 21st day of November, 2007, IT IS HEREBY ORDERED that:

The motions for reconsideration [Dkts. 95, 97, 98, 99 and 100 at Civil Action No. 05-781 and Dkt. 3 at Civil Action Nos. 07-1327, 07-1328 and 07-1329] are GRANTED IN PART AND DENIED IN PART. The motions for reconsideration are GRANTED to the extent that the plaintiffs will each be required to only pay $ 250.00 in filing fees as that is the amount required at the time they initiated the original suit.

---

[7] The court assumes, without deciding, solely for the present purposes of calculating the filing fee that Maydak was properly joined as a Plaintiff in the first amended complaint, and so, if at that time, we had ordered severance of the cases, he would have been required to pay only $250.00. Equity counsels but does not require that we impose only that fee upon Mr. Maydak, assuming that he does not qualify for IFP status.

IT IS FURTHER ORDERED that the motions for reconsideration, to the extent that they request leave to take an interlocutory appeal, are DENIED.

IT IS FURTHER ORDERED that the motions for reconsideration, to the extent that they request extensions of time are GRANTED. Plaintiffs Hough and Thomas are granted an additional 30 days from the date of this order in which to file an amended complaint. Mr. Maydak is granted an additional 30 days from the date of this order in which to either pay the filing fee of $250.00[8] or file a non-prisoner IFP motion and to file, simultaneously with either payment of the filing fee or filing of an IFP motion, his second amended complaint. **THERE WILL BE NO FURTHER EXTENSION GRANTED IN THESE CASES**. Failure to comply with this order may result in dismissal of the actions as to any non compliant party.

IT IS FURTHER ORDERED that the motions for reconsideration, in all other aspects, are DENIED.

BY THE COURT:

_____
Gary L. Lancaster
United States District Judge

---

[8] The court assumes, without deciding, solely for the present purposes of calculating the filing fee that Maydak was properly joined as a Plaintiff in the first amended complaint, and so, if at that time, we had ordered severance of the cases, he would have been required to pay only $250.00. Equity counsels but does not require that we impose only that fee upon Mr. Maydak, assuming that he does not qualify for IFP status.

8

cc: The Honorable Amy Reynolds Hay
United States Magistrate Judge

Frederick H. Banks
05711-068
FCC Yazoo City
Unit 2AU
PO BOX 5000
Yazoo City, MS 39194

Don Raoul Hough
#07839-068
U.S. Penitentiary
P. O. Box 12015
Terre Haute, IN 47801

James A. Thomas
07754-068
FCI McKean
PO Box 8000
Bradford, PA 16701

Keith Maydak
613 Cross Street
East McKeesport, PA 15035

All counsel of record by Notice of Electronic Filing