IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DON RAOUL HOUGH,<br>               Plaintiff,<br><br>vs.<br><br>COUNTY OF ALLEGHENY,<br>PENNSYLVANIA; ALLEGHENY<br>CORRECTIONAL HEALTH SERVICES,<br>INC.; RAMON RUSTIN; CALVIN<br>LIGHTFOOT; FRED ROSEMEYER;<br>BRUCE DIXON; DAN ONORATO;<br>DANA PHILLIPS; JOHN DOES 1-25,<br>               Defendants. | Civil Action No. 07-1327<br>Judge Gary L. Lancaster/<br>Magistrate Judge Amy Reynolds Hay |

## MEMORANDUM ORDER

Plaintiff, Don Raoul Hough, initiated this civil right suit against Defendants alleging that his constitutional rights were violated by overcrowded and unsanitary conditions, and inadequate medical treatment at the Allegheny County Jail.

On August 20, 2008, defendants County of Allegheny, Ramon Rustin, Calvin Lightfoot, Fred Rosemeyer and Dan Onorato ("the County Defendants") filed a Motion to Dismiss [Dkt. 17]. On August 21, 2008, the Court issued an order directing the County Defendants to file a brief in support of the motion on or before September 15, 2008, and ordering Plaintiff to file a response to the motion on or before October 15, 2008 [Dkt. 18]. Although the County Defendants' brief was timely filed, Plaintiff failed to file a response to the motion and on November 19, 2008, the Court issued an order directing Plaintiff to show cause on or before December 10, 2008, why the case should not be dismissed as to the County Defendants for his failure to respond to their Motion to Dismiss [Dkt. 20]. To date, Plaintiff has failed to respond to either the County Defendants' motion or the Order to Show Cause.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the Court. Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992). In determining whether an action should be dismissed as a sanction against a party the Court must consider six factors. These factors, as set forth in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

(1) The extent of the party's personal responsibility.

(2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.

(3) A history of dilatoriness.

(4) Whether the conduct of the party or the attorney was willful or in bad faith.

(5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.

(6) The meritoriousness of the claim or defense.

Consideration of these factors reveals that the instant action should be dismissed.

Factors 1, 3, and 4 all relate to Plaintiff's failure to comply with this Court's orders which weigh heavily against him. Plaintiff's failure to respond to the motion to dismiss and his subsequent failure to respond to the Order to Show Cause was not only solely his personal responsibility but his failure to acknowledge the Court's directives even three months later appears willful and constitutes a history of dilatoriness.

With respect to the second factor -- the prejudice caused to the adversary by Plaintiff's failure to comply with this Court's orders -- other than the expense of filing a motion seeking dismissal of the case, there appears to be no specific prejudice to the County Defendants other than general delay. Similarly, factor No. 6 -- the meritoriousness of the claim -- will be weighed neither in favor nor against Plaintiff, although it appears that the County Defendants may have meritorious defenses. Nevertheless, "[n]ot all of these factors need be met for a district

court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal. Since the Plaintiff filed this action *in forma pauperis*, it does not appear that monetary sanctions are appropriate. Moreover, Plaintiff's failure to respond to the County Defendants' motion, which has prevented the case from going forward, and his subsequent failure to respond to the Court's Order to Show Cause suggests that Plaintiff has no serious interest in pursuing this case. Therefore, dismissal is the most appropriate action for this Court to take since no other sanctions will serve justice. Mindek, supra; Titus v. Mercedes Benz, 695 F.2d 746 (3d Cir. 1982).

Accordingly, this 23rd day of January, 2009, IT IS HEREBY ORDERED that the complaint in the above-captioned case is dismissed for failure to prosecute.

_____
GARY L. LANCASTER
United States District Judge

cc: Don Raoul Hough
#07839-068
Terre Haute Federal Correctional Institution
P.O. Box 33
Terre Haute, IN 47808

All counsel of record by Notice of Electronic Filing